UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUWAN BURCH,

          Plaintiff,

v.

JOHN CHRISTIANSEN, et al.,

          Defendants.

_____/

Case No. 2:26-cv-10631

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DISMISSING COMPLAINT, DENYING MOTION TO AMEND [11], AND DENYING MOTIONS AS MOOT [3, 10]

Plaintiff Juwan Burch, proceeding pro se, sued numerous prison officials pursuant to 42 U.S.C. § 1983. ECF No. 1. He also applied to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). ECF No. 6. At the time he filed the case, Burch was incarcerated at the St. Louis Correctional Facility (SLF) in St. Louis, Michigan where the events giving rise to the instant suit occurred.[1] For the following reasons, the Court will dismiss the complaint.

## BACKGROUND

Burch sued three Michigan Department of Corrections (MDOC) employees who worked at SLF during the relevant period: Warden John Christiansen, Corrections Program Coordinator Buck, and Assistant Deputy Warden Hull. Burch sued all Defendants in their official capacities. ECF No. 1, PageID.9.

---

[1] On March 5, 2026, Burch notified the Court that he was released from St. Louis Correctional Facility in late February 2026. ECF No. 7.

1

Burch alleged that, in November 2025, Defendants assigned him to the same housing unit as an inmate who had assaulted him two weeks earlier. *Id.* at PageID.2. He alleged that Defendants deliberately grouped them together to "cause the intentional infliction of emotional distress hoping that the now Plaintiff would have been thrust into a high risk situation & maybe assault by this same individual." *Id.* Burch noted that he complained to Defendants, but none addressed his concerns or arranged alternate housing. Though difficult to decipher, he alleged that Defendants violated his rights under the Sixth, Eighth, and Fourteenth Amendments. ECF No. 1, PageID.3, ECF No. 10, PageID.38. Burch sought $174,000 in punitive and compensatory damages. ECF No. 1, PageID.6.

## LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court must *sua sponte* dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss a complaint that seeks relief against government entities, officers, and employees that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of the rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). Although the notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal conclusions. *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Additionally, to state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).

**DISCUSSION**

Despite the liberal pleading standard afforded to *pro se* plaintiffs, Burch's complaint is subject to summary dismissal.

First, the complaint is barred by sovereign immunity. The Eleventh Amendment bars § 1983 actions against a state, its agencies and departments

3

(including the MDOC) for monetary and non-prospective injunctive relief unless the state has waived immunity or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Construction, LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). And the state of Michigan has not consented to being sued for civil rights actions in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)).

Here, Burch sued four MDOC employees in their official capacities. ECF No. 1, PageID.9. And he only requested monetary damages from each Defendant. *Id.* at PageID.6. Because official-capacity claims are treated as claims against the State itself, they are barred by the Eleventh Amendment. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). Accordingly, Burch's claim for monetary damages must be dismissed.

Second, to the extent that Burch also intended to seek injunctive relief, this claim is moot. To be sure, it is not clear that he actually requested such relief. Although he referenced injunctive relief in one sentence, he omitted any request for injunctive relief in the section titled "Relief Requested." ECF No. 1, PageID.1, 9. Nevertheless, any claim for injunctive relief is moot because Burch has been released from confinement. ECF No. 7, PageID.33. A prisoner's transfer to another correctional facility or release from incarceration moots claims for injunctive relief. *See, e.g, LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 347 (6th Cir.

2001); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Thus, even construed liberally to include a request for injunctive relief, Burch's complaint still fails.

Third, Burch briefly asserted that this Court has supplemental jurisdiction over a state-law tort claim. ECF No. 1, PageID.1. To the extent Burch adequately asserted a state-law claim, the Court will decline to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367(c)(3); *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (noting that when all federal claims are dismissed, "the balance of considerations usually will point to dismissing the state law claims").

Fourth, on May 4, 2026, Plaintiff moved "for leave to amend prayer for relief" pursuant to Federal Rule of Civil Procedure 15(a)(2). ECF No. 11. He filed the motion, purportedly to "amend his damages to $1,400,000.00 per case (totaling $2,800,000.00)." *Id.* at PageID.43. Nothing in Plaintiff's new motion, however, cured any of the deficiencies set forth above. The amendment would not withstand a motion to dismiss and therefore allowing amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2); *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005). And even if the Court construed Plaintiff's new motion as adding an American With Disabilities Act claim, the Eleventh Amendment bars suits for monetary relief against state officials sued in their official capacities, unless there has been an abrogation or waiver of sovereign immunity. *See Stevens v. Mich. Dep't of Corr.*, No. 17-1983, 2018 U.S. App. LEXIS 9279, at *11–12 (6th Cir. Apr. 12, 2018) (affirming dismissal of ADA claim against MDOC employees in their official capacities because of Eleventh Amendment

Immunity). The Court will therefore deny Plaintiff's motion for leave to amend the prayer for relief.

Finally, an appeal from this order cannot be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend [11] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel discovery [10] is **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 6, 2026

6